[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12729
Non-Argument Calendar
_____

Agency No. A088-690-622


ARTEM PETLYOVANYY,

Petitioner,

versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 17, 2014)


Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Artem Petlyovanyy, a citizen and national of Ukraine, seeks review of the Board of Immigration Appeals' (BIA's) affirmance of the Immigration Judge's (IJ's) denial of his petition for asylum.[1]  After review of the record and consideration of the parties' briefs, we deny the petition because substantial evidence supports the IJ's and BIA's finding that Petlyovanyy did not demonstrate his feared persecution was on account of a protected category under 8 U.S.C. § 1101(a)(42)(A).[2]

The Attorney General has discretion to grant asylum to an alien that meets the Immigration and Nationality Act's definition of refugee.  *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2009).  An asylum applicant bears the burden of establishing, with specific and credible evidence, that:  (1) he suffered past persecution on account of a protected ground; or (2) he has a well-founded fear of future persecution on account of a protected ground.  *Id.*  In order to qualify for asylum, the alleged feared persecution must be on account of one of the five

---

[1] Because Petlyovanyy did not address the denials of withholding of removal or relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment in his brief on appeal, those claims are accordingly deemed abandoned. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[2] Where the BIA issues its own opinion, but expressly adopts the IJ's reasoning, we review both the BIA's and IJ's decision. *Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041, 1048 (11th Cir. 2009).  We review conclusions of law *de novo*, and review findings of fact for substantial evidence. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). *Id.*  Under the substantial evidence test, we view the evidence in the light most favorable to the decision and must affirm the decision if it is supported by reasonable, substantial, and probative evidence on the record. *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010).

protected grounds—"race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

Petlyovanyy testified that the mafia targeted his mother primarily to collect protection payments. Following her murder, the mafia targeted him and his family to try and collect the remainder of those payments. While it is true that the familial relationship played a necessary role in the targeting, the underlying motivation was based on the payments and any characteristic regarding the family relationship was tangential to the mafia's intent. Petlyovanyy may not establish his eligibility for asylum based on his refusal to cooperate with the mafia, or the fact that his family was the victim of criminal activity. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006) (stating evidence of private acts of violence or the petitioner's refusal to cooperate with criminals, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground); *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437-38 (11th Cir. 2004) (explaining that to show a petitioner fears persecution on account of a protected ground, it is not enough for a petitioner to show that he will be persecuted due to his refusal to cooperate with guerilla groups). Substantial evidence supports the BIA's finding that Petlyovanyy could not establish a nexus between the feared persecution and a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (stating an applicant must demonstrate that an enumerated

3

ground "was or will be at least one central reason for persecuting" him).

Accordingly, we deny Petlyovanyy's petition.[3]

**PETITION DENIED.**

---

[3] Because Petlyovanyy has not shown that any persecution would be on account of a protected ground, he cannot show that he is eligible for asylum.  Accordingly, we need not address his other arguments regarding the safety of relocation within Ukraine and the lack of notice or opportunity to provide corroborating evidence to confirm his belief that his father and brother may have been killed by the mafia.